UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DARWIN NATHANIEL TOOF,<br><br>                  Plaintiff,<br><br>vs.<br><br>AMANDA SWANSON, Investigator for Rapid City Police Department, in her individual capacity, and COUNTY OF PENNINGTON,<br><br>                  Defendants. | CIV. 21-5018-JLV<br><br><br>ORDER |

      Plaintiff Darwin Nathaniel Toof, a prisoner at the Pennington County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. (Docket 1). He moves to proceed *in forma pauperis* and provided a copy of his prisoner trust account report. (Dockets 2 & 3).

      The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires prisoners to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or

    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized prison officer. (Docket 3). The report shows an average monthly deposit for the past six months of $0, an average monthly balance for the past six months of $0, and a current balance of $0. Id. In light of this information, the court finds plaintiff is not required to make an initial partial filing fee.

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Mr. Toof sues Pennington County. (Docket 1 at p. 2). A county may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Several times in his complaint Mr. Toof alleges Pennington County has unconstitutional policies and customs. (Docket 1 at pp. 2, 4 & 6). Mr. Toof does not identify a specific policy or an

unconstitutional act by a county official.  Id.  He merely asserts legal conclusions.  Id.

To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  A complaint must allege "more than labels and conclusions."  Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Even with liberal construction, Mr. Toof's allegations do not support a Monell claim against Pennington County.  His claims against Pennington County are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Mr. Toof sues Amanda Swanson, in her individual capacity, as an investigator for the Rapid City Police Department.  (Docket 1 at p. 2).  He asserts a civil rights claim against her pursuant to 42 U.S.C. § 1983.  Id. at p. 1.  First, Mr. Toof alleges Ms. Swanson violated his First Amendment right to peaceful assembly.  Id. at p. 4.  Ms. Swanson allegedly used the Pennington County Jail telephone to tell Mr. Toof's fiancé he had been speaking to other women.  Id. He claims Ms. Swanson's actions "broke the peace" so that he can no longer peacefully assemble or converse with his family.  Id.  Mr. Toof asserts that because Ms. Swanson upset his fiancé, he can no longer peacefully communicate with his loved ones.  Id.

The Civil Rights Act provides: "[e]very person who, under color . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]"  42 U.S.C. § 1983.

3

The First Amendment states, "Congress shall make no law . . . abridging the . . . right of the people peaceably to assemble[.]"  U.S. Const. amend. I.  "The 'right of the people peaceably to assemble' guaranteed by the First Amendment covers a wide spectrum of human interests—including . . . 'political, economic, religious, or cultural matters.' "  United States Department of Agriculture v. Moreno, 413 U.S. 528, 545 (1973) (quoting NAACP v. Alabama, 357 U.S. 449, 460 (1958)).  This right allows for individuals to assemble and exercise their First Amendment speech rights.  See Borough of Duryea v. Guarnieri, 564 U.S. 379, 388 (2011) (citing Thomas v. Collins, 323 U.S. 516, 530 (1945) ("It was not by accident or coincidence that the rights to freedom in speech and press were coupled in a single guaranty with the rights of the people peaceably to assemble and to petition for redress of grievances.").

      Mr. Toof does not allege Ms. Swanson's actions denied him the *ability* to communicate or assemble with his loved ones.  Mr. Toof's complaint seems to be that his communication or assembly with his family is not as peaceful as he would have liked.  That Mr. Toof's relationship with his family may not be a peaceful relationship is not protected by the First Amendment.  Mr. Toof fails to allege facts to support that Ms. Swanson violated his First Amendment right.  This claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

      Second, Mr. Toof asserts Ms. Swanson violated his Fourth Amendment right to be free from unreasonable seizures.  (Docket 1 at p. 5).  Liberally construing the facts of his complaint, Mr. Toof alleges Ms. Swanson, without a warrant, seized a telephone call he made to a woman.  (Docket 1 at pp. 4 & 6).  For the purpose of evaluating the merits of the complaint, the court presumes

4

Mr. Toof was in the Pennington County Jail at the time he made the telephone call allegedly seized by Ms. Swanson.

      The United States Supreme Court recognizes a Fourth Amendment expectation of privacy in telephone conversations.  Katz v. United States, 389 U.S. 347, 352 (1967).  In the context of the allegations in the complaint, Mr. Toof alleges sufficient facts to assert he had a reasonable expectation of privacy in the telephone call.  The Fourth Amendment claim of unreasonable seizure against Ms. Swanson in her individual capacity survives screening under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

      Third, Mr. Toof claims his right to equal protection under the law was violated when Ms. Swanson became involved in his personal matters yet she did not seize voice recordings of other individuals which contained similar personal matters.  (Docket 1 at p. 6).  In order to establish an equal protection claim, an inmate must show he was treated differently from similarly situated inmates and that the different treatment was based upon either a suspect classification or a fundamental right.  Patel v. United States Bureau of Prisons, 515 F.3d 807, 815 (8th Cir. 2008).  Mr. Toof does not allege sufficient facts to support a claim that Ms. Swanson's action was based on a suspect classification or a fundamental right.  He merely claims Ms. Swanson did not become involved in the affairs of other inmates who had similar personal issues.  (Docket 1 at p. 6).  Mr. Toof's equal protection claim against Ms. Swanson is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

      Fourth, Mr. Toof alleges Ms. Swanson violated his Eighth Amendment right to be free from cruel and unusual punishment by her "[t]ortious interference with business relations and [] excessive force by an officer[.]"

(Docket 1 at p. 8). Mr. Toof alleges Ms. Swanson's playing of a voice recording between Mr. Toof and another woman to his fiancé caused his fiancé to end their relationship.  Id.   He claims Ms. Swanson allegedly acted with the intent to cause him emotional distress and pain.  Id.

The Eighth Amendment's prohibition on cruel and unusual punishment protects inmates from the " 'unnecessary and wanton infliction of pain.' " Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).  In considering an Eighth Amendment claim for excess force, the "core judicial inquiry . . . [is] whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson, 503 U.S. at 7).  Ms. Swanson's conduct, if true, does not rise to the level of maliciousness or sadistic conduct intended to inflict pain or harm.  Id.

Mr. Toof's Eighth Amendment excessive force claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

Liberally construing the allegations of Mr. Toof's complaint, he raises a state-law claim of intentional infliction of emotional distress.  Mr. Toof alleges Ms. Swanson recorded one of his phone calls, played it for his fiancé and she, Ms. Swanson, acted with the intent to cause him emotional distress.  (Docket 1 at p. 8).  He alleges because of Ms. Swanson's actions, he has suffered from "emotional distress, pain and suffering, . . . [a] [b]roken family, depression, PTSD, [and] [a]nxiety[.]"  Id.

The court has supplemental jurisdiction over this claim under 28 U.S.C. § 1367.  In South Dakota, a plaintiff can establish a prima facie case of intentional infliction of emotional distress by showing:

6

> (1) an act by the defendant amounting to extreme and outrageous conduct; (2) intent on the part of the defendant to cause the plaintiff severe emotional distress; (3) the defendant's conduct was the cause in-fact of plaintiff's distress; and (4) the plaintiff suffered an extreme disabling emotional response to defendant's conduct.

Anderson v. First Century Federal Credit Union, 738 N.W.2d 40, 51-52 (S.D. 2007) (citing Nelson v. WEB Water Development Association, Inc., 507 N.W.2d 691, 698 (S.D. 1993)).

Mr. Toof's state-law intentional infliction of emotional distress claim against Ms. Swanson survives screening under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that plaintiff's claims against Pennington County are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failing to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that plaintiff's Fourth Amendment unreasonable seizure claim and state-law claim of intentional infliction of emotional distress against Amanda Swanson, in her individual capacity, survive screening under 28 U.S.C. § 1915A.

IT IS FURTHER ORDERED that all other claims against Ms. Swanson are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failing to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the institution having custody of plaintiff is hereby directed that, whenever the amount in his trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee of $350 is paid in full.

IT IS FURTHER ORDERED that Mr. Toof shall complete and send to the Clerk of Court a summons and USM-285 form for Ms. Swanson.  Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue a summons for Ms. Swanson.  If the completed summons and USM-285 form are not submitted by Mr. Toof  as directed, the complaint may be dismissed.  The United States Marshal shall serve the completed summons with a copy of the complaint and this order upon the defendant.  The United States will advance the costs of service.

IT IS FURTHER ORDERED that Mr. Toof shall serve upon the defendant or, if appearance has been entered by counsel, upon her attorney(s), a copy of every further pleading or other document submitted for consideration by the court.  He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by the court

which has not been filed with the Clerk of Court or which fails to include a certificate of service will be disregarded by the court.

Dated April 21, 2021.

                                        BY THE COURT:

                                        /s/ *Jeffrey L. Viken*
                                        JEFFREY L. VIKEN
                                        UNITED STATES DISTRICT JUDGE